STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JOSEPH TARTAKOVSKY (CABN 282223)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7320
    FAX: (415) 436-7234
    Joseph.tartakovsky@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-CR-00233-SI |
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORADUM** |
| GORDON FUNG, | |
| Defendant. | |

### I.      FACTUAL BACKGROUND

On August 20, 2021, Mr. Gordon Fung pleaded guilty to a one-count Information charging him with possessing images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. 14. The parties and Presentence Report agree that Mr. Fung's Total Adjusted Offense Level is 28. PSR ¶ 3.

The facts of the offense are straightforward: Homeland Security agents traced bitcoin purchases of child sexual abuse materials—sold on a dark-web site called "ilovecp"—to users that included Gordon Fung in Millbrae, California. PSR ¶ 12. Agents learned that, on May 27, 2019 and again on June 10, 2019, Fung bought zip files from the site using cryptocurrency, spending about $51 and $58 on each purchase, respectively. *Id.* at ¶ 6-8. On May 21, 2020, agents executed a search warrant on Fung's

residence. In an interview during the search, he denied purchasing child pornography and feigned confusion about how his cryptocurrency account could have been used to make the purchases. The next day, Fung, now with counsel, requested a proffer session with the government to correct his misstatements. At that proffer he admitted that he bought the illicit materials through bitcoin purchases from the "ilovecp" site. A forensic review of his devices turned up some 10,000 sexually explicit images or videos of children. *Id.* at ¶ 9, 12-13. Those materials included videos of toddlers being forced to perform sex acts on adults and images of child bondage and bestiality. *Id.* The images and videos known to be in the "ilovecp" zip files were found on Fung's devices. *Id.* at ¶ 15.

## II.    SENTENCING RECOMMENDATION

Mr. Fung has a Total Adjusted Offense Level of 28, which, at Criminal History Category I, provides for a sentence of 78-97 months' imprisonment. PSR ¶ 98. The government recommends a sentence at the low end of the Guidelines. On the one hand, Mr. Fung chose to contribute $109 into a repulsive commerce in imagery of exploited and tortured children. That money, to all appearances, remains in the hands of the operators of the "ilovecp" site. That money will incentivize further distribution of such materials, and, in turn, the further *creation* of such materials.

On the other hand, a number of mitigating circumstances exist here. Last year the United States Sentencing Commission recommended three factors to weigh in sentencing non-production child pornography offenders (like Mr. Fung), factors designed to assess offender culpability and sexual dangerousness. *See* U.S. Sentencing Commission, "Federal Sentencing of Child Pornography: Non-Production Offenses" ["Report"] (June 2021).[1]

The first factor is the "content of the offender's child pornography collection and nature of the offender's collecting behavior." Report at 28, 29-35. Here, it appears that Mr. Fung obtained his entire collection when he purchased the dark-web zip files. He had not been engaged in accessing such materials before that time. There is no evidence that he shared, or tried to share, the materials with anyone. The number of images in Mr. Fung's collection is more than four times the median number for

---

[1] The report is available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf. The government notes that Congress has not adopted these recommendations despite the Commission's urging. *See* Report at 2-3.

UNITED STATES' SENTENCING MEMORANDUM
3:21-CR-00233-SI

possession defendants, *see* Report at 30, yet Fung's collection was obtained in two purchasing events that occurred two weeks apart. This factor mostly weighs in favor of a low-end sentence.

The second factor is the "offender's degree of involvement with others in an internet community devoted to child pornography and child sexual exploitation." Report at 28, 36-38. The government has no evidence that Mr. Fung, beyond accessing the "ilovecp" site, moved in online child-exploitation or pedophile circles—many of which normalize and encourage child abuse and rape in social-media channels, members-only chatrooms, and secretive web forums. This, too, favors a low-end sentence.

Third, the Commission urges courts to look at "sexually abusive or exploitative conduct in addition to the child pornography offense." Report at 28, 39-46. The government is unaware of any allegations against Mr. Fung of improper in-person behavior toward children. Instead, the government largely credits his account that he was living at home and, through a mixture of bad judgment, curiosity, anxiety, and depression, stumbled into the uglier corners of the underground internet. *See* PSR ¶ 49-50, 81-86.

Finally, the government recognizes that Mr. Fung, though initially untruthful to agents, chose promptly to seek legal advice and correct his earlier denials. The government also appreciates that Mr. Fung expresses remorse, has taken voluntarily steps to seek treatment, and pledges restitution. PSR ¶ 49.

The government is seeking mandatory restitution under 18 U.S.C. § 2259(b)(2)(B) for victims who have made restitution requests. The government has proposed a restitution amount to the defense so that the issue of restitution can be resolved at the sentencing hearing if possible.

### III.   CONCLUSION

For these reasons, the government submits that Mr. Fung deserves a sentence at the low end of the Guidelines. The government agrees with the remainder of the Presentence Report's Sentencing Recommendation as to Supervised Release, Fine, and the Special Assessment.

DATED: April 22, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
JOSEPH TARTAKOVSKY
Assistant United States Attorney